**Petition for Writ of Mandamus Denied and Memorandum Opinion filed December 14, 2012.**



In The

# Fourteenth Court of Appeals

### NO. 14-12-01104-CV

## IN RE VAISHANGI, INC., SHIVANGI, INC., MEENA PATEL, AND VINAYAK K. PATEL, Relators

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**190th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2010-40753**

## MEMORANDUM OPINION

On December 11, 2012, relators Vaishangi, Inc., Shivangi, Inc., Meena Patel, and Vinayak K. Patel filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. §22.221; *see also* Tex. R. App. P. 52. In the petition, relators ask this court to compel the Honorable Patricia J. Kerrigan, presiding judge of the 190th District Court of Harris County, to vacate her order granting a motion to enforce settlement agreement. We deny the petition for writ of mandamus.

This dispute arose out of a foreclosure, which began in 2010. Relators were the obligors on the loan and real-party-in-interest Southwestern National Bank ("the Bank") was the lender. On May 23, 2011, the parties entered into a handwritten Rule 11 agreement in which they agreed to dismissal of the claims; relators agreed to execute modified loan documents and the Bank was entitled to withdraw all funds in the court's registry. On May 27, 2011, the trial court signed an agreed order of dismissal pursuant to the Rule 11 agreement. The parties later disagreed over the outstanding loan balance, and relators refused to execute modified loan documents. According to the petition, the Bank filed a Motion to Enforce Settlement Agreement on April 17, 2012. On June 4, 2012, the trial court signed an order granting the Bank's motion, and requiring relators to execute modified loan documents and pay the Bank's attorneys fees incurred in seeking enforcement of the agreement.

Relators filed this petition for writ of mandamus complaining of the trial court's June 4, 2012 order. In their petition, relators assert that the dismissal order signed May 27, 2011 was a final order, and that the trial court lost plenary jurisdiction 30 days later. Therefore, they contend that the June 4, 2012 order enforcing the settlement agreement is void for want of subject matter jurisdiction. *See* Tex. R. Civ. P. 329b. Relators assert that the trial court did not have jurisdiction to grant the Bank's motion, and that the Bank's only remedy was to file a separate lawsuit alleging breach of the settlement agreement.

Relators correctly assert that the party seeking enforcement of the settlement agreement must pursue a separate claim for breach of contract. *See Padilla v. LaFrance*, 907 S.W.2d 454, 461 (Tex. 1995). However, the fact that the Bank did

not file a separate pleading does not necessarily divest the trial court of jurisdiction. The supreme court has determined that a motion to enforce can be considered as a pleading in a breach of settlement agreement case in certain circumstances. *Ford Motor Co. v. Castillo*, 279 S.W.3d 656, 663 (Tex. 2009) (motion to enforce sufficient as a pleading to support a judgment for breach of contract); *see also Neasbitt v. Warren*, 105 S.W.3d 113, 118 (Tex. App.—Fort Worth 2003, no pet.) (same).

The issue is whether, under these circumstances, the Bank's motion to enforce can be considered a sufficient pleading in a breach of settlement agreement case. In *Neasbitt*, the Fort Worth Court of Appeals considered the party's motion to enforce and reviewed it to determine whether it was sufficient to constitute a pleading. 105 S.W.3d at 117–18. We cannot conduct such a review in this case because relators have not provided this court with a copy of the Bank's motion to enforce.

It is relators' responsibility to provide the court with a record supporting their petition for writ of mandamus. *See* Tex. R. App. P. 52.7. Because relators have not provided this court with a sufficient record showing they are entitled to relief, they have not established entitlement to the extraordinary relief of a writ of mandamus. Accordingly, we deny relators' petition for writ of mandamus.

PER CURIAM

Panel consists of Justices Boyce, McCally, and Busby.

3