# IN THE SUPREME COURT OF TEXAS

═════════════

NO. 13-0169

═════════════

IN RE VAISHANGI, INC., ET AL., RELATORS

═══════════════════════════════════════════

ON PETITION FOR WRIT OF MANDAMUS

═══════════════════════════════════════════

**PER CURIAM**

JUSTICE BROWN did not participate in the decision.

In this mandamus proceeding, we must decide whether the trial court had jurisdiction to enforce a Rule 11 agreement when the defendant filed a motion to enforce almost one year after the case had been dismissed. We hold that the Rule 11 agreement was not an agreed judgment. Because the trial court's plenary power expired thirty days after the dismissal order, the court lacked power to enforce the agreement. We conditionally grant relief.

The relators, Vaishangi, Inc., Shivangi, Inc., Meena Patel, and Vinayak K. Patel (collectively, Vaishangi), entered into a commercial real estate lien note and related security instruments with Southwestern National Bank to finance a hotel. After disagreement regarding the note, the Bank accelerated the note and began proceedings to foreclose on the hotel property. In response, Vaishangi filed suit for breach of contract and wrongful foreclosure in Harris County. The

parties reached a settlement, memorialized in a handwritten Rule 11 agreement,[1] which the parties and the trial court signed. The agreement provided that Vaishangi "agree[d] to execute" a referenced loan-modification agreement. The Bank filed the Rule 11 agreement with the trial court that same day and attached an unsigned loan-modification agreement. The parties disagree whether Vaishangi had an opportunity to review and approve the referenced loan-modification agreement before the Bank filed the Rule 11 agreement with the court.

Four days later, the trial court signed an agreed order dismissing all claims. The order of dismissal did not incorporate the entire Rule 11 agreement. The parties soon disagreed on the principal amount remaining on the note and the terms of the settlement, ultimately resulting in the

---

[1] The handwritten Rule 11 agreement reads as follows:

<u>Rule 11 Agreement</u>
Re: 2010-40753; Vaishangi Inc., Shivangi Inc., Meena Patel,
Vinayak K. Patel v. Southwestern National Bank

The Parties in the above-referenced matter, in resolution of this lawsuit, agree to the following terms:
1. Plaintiffs agree to dismiss their claims against Southwestern National Bank with prejudice;
2. Southwestern National Bank agrees to dismiss its claims against Plaintiffs without prejudice;
3. All parties agree to pay their own attorney's fees and costs;
4. Southwestern National Bank agrees to provide Plaintiffs with a copy of the March 2010 appraisal and related invoice;
5. Plaintiffs agree to execute the modified loan documents attached hereto;
6. All parties agree that Southwestern National Bank is entitled to and may withdraw all funds held in the Court's registry;
7. Plaintiffs agree to have the check from Cramer Johnson Wiggins and Assoc. re-issued payable solely to Southwestern National Bank, and to have said check mailed to Leyh [*sic*] & Payne LLP, 9545 Katy Freeway, Suite 200, Houston, Texas, 77024;
8. The District Clerk is ordered to prepare a check made payable to Southwestern National Bank in the amount of all principal plus interest currently held in the Court's Registry, less any administrative fees. Southwestern National Bank's attorneys can pick up the check on its behalf.
9. All parties agree that all defaults other than payment prior to the date of the modification agreement are settled including the alleged defaults on this loan relating to the La Porte Property;
10. All parties agree that the Settlement Agreement at issue in this lawsuit dated May 27, 2010, is valid and enforceable.

2

Bank's foreclosure of the hotel property. Vaishangi filed suit in Bexar County for wrongful foreclosure.

In response, the Bank filed a motion to transfer the case to Harris County, the venue of the previously dismissed lawsuit. The Bank also filed a "Motion to Enforce Settlement Agreement" in the Harris County lawsuit, which had been dismissed eleven months prior. Because Vaishangi had not yet executed the loan-modification agreement, the motion to enforce requested that the court order Vaishangi to pay damages, costs, and attorney's fees. Alternatively, the Bank requested that the court order Vaishangi to execute the loan-modification agreement. Vaishangi argued in response that the trial court had no jurisdiction to enforce the Rule 11 agreement because the trial court's plenary power expired thirty days after signing the dismissal order. Vaishangi also argued that a genuine issue of material fact existed regarding the balance owed under the modification agreement that should be resolved by trial.

Without hearing evidence, the Harris County court issued an order granting the Bank's motion to enforce the Rule 11 agreement, awarding the Bank damages and attorney's fees and ordering Vaishangi to execute the modification agreement. Vaishangi filed a petition for writ of mandamus with the Fourteenth Court of Appeals, seeking to set aside the trial court's enforcement order by contending that the trial court lacked jurisdiction. The court of appeals denied relief. ___ S.W.3d ___, ___.

If the Rule 11 agreement is a final judgment, as the Bank argues, the trial court maintains continuing jurisdiction to enforce that judgment. *See* TEX. R. CIV. P. 308 (providing for court enforcement of its judgments and decrees). If, however, the agreement is simply an interlocutory

3

order, and the dismissal order signed four days later is the court's final judgment, as Vaishangi argues, the trial court was without jurisdiction to enforce the Rule 11 agreement because its plenary power had expired. *See* TEX. R. CIV. P. 329b(d) (providing that a trial court's plenary power runs for thirty days after judgment is signed).

Texas Rule of Civil Procedure 11 provides that "no agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record." TEX. R. CIV. P. 11. We have generally treated Rule 11 agreements as separate and distinct from agreed judgments entered thereon. *See, e.g.*, *Mantas v. Fifth Court of Appeals*, 925 S.W.2d 656, 658 (Tex. 1996) (per curiam) (discussing when a court can "render an agreed judgment on the settlement agreement"); *Padilla v. LaFrance*, 907 S.W.2d 454, 462 (Tex. 1995) ("[T]he announcement of the agreement in open court and its notation on the docket cannot give it the force of a judgment." (quoting *Burnaman v. Heaton*, 240 S.W.2d 288, 292 (Tex. 1951))); *Kennedy v. Hyde*, 682 S.W.2d 525, 528 (Tex. 1984) ("[N]otwithstanding a valid Rule 11 agreement, consent must exist at the time an agreed judgment is rendered."). But nothing in the rules of procedure prohibits a Rule 11 agreement from being, itself, an agreed judgment, so long as the agreement meets the requirements for a final judgment. A judgment is final "if and only if either it actually disposes of all claims and parties then before the court, regardless of its language, or it states with unmistakable clarity that it is a final judgment as to all claims and all parties." *Bison Bldg. Materials, Ltd. v. Aldridge*, 422 S.W.3d 582, 585 (Tex. 2012) (quoting *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 192–93 (Tex. 2001)); *Able Cabling Servs., Inc. v. Aaron-Carter Elec., Inc.*, 16 S.W.3d 98, 100–01 (Tex. App.—Houston [1st Dist.]

4

2000, pet. denied). However, a trial court's "approval of a settlement does not necessarily constitute rendition of judgment," because rendition of judgment requires a "present act" to "decide the issues." *S & A Rest. Corp. v. Leal*, 892 S.W.2d 855, 857–58 (Tex. 1995) (per curiam) (citing *Reese v. Piper*, 534 S.W.2d 329, 330 (Tex. 1976)). When parties dictate a settlement agreement on the record (creating an enforceable agreement under Rule 11) and the trial court approves it on the record, such a settlement agreement does not constitute an agreed judgment unless "[t]he words used by the trial court . . . clearly indicate the intent to render judgment at the time the words are expressed." *Id.* at 858.

The Bank argues that fact issues regarding whether the Rule 11 agreement disposed of all claims and all parties preclude us from determining this issue in a mandamus proceeding. *See, e.g.*, *West v. Solito*, 563 S.W.2d 240, 245 (Tex. 1978) ("[A]n appellate court may not deal with disputed areas of fact in a mandamus proceeding."). Although fact issues about the scope and terms of the Rule 11 agreement may remain, those issues do not prevent the Court from determining as a matter of law whether the Rule 11 agreement constitutes an agreed judgment. *See Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (noting that this Court has the power to determine legal questions in a mandamus proceeding). Additionally, we are not precluded from deciding if the trial court exceeded its jurisdiction, as we need not resolve any fact issues to reach that determination. *See In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (per curiam) ("Mandamus is proper if a trial court issues an order beyond its jurisdiction."); *In re Ford Motor Co.*, 988 S.W.2d 714, 722 (Tex. 1998) (refusing to grant mandamus where the resolution of fact disputes was essential to determining if mandamus relief was proper). The Bank's concerns go to the question of whether

5

*the parties* agreed to dispose of all claims; the issue before the Court is whether *the trial court* intended to dispose of all claims and all parties through the entry of this agreement, thereby rendering final judgment, at that moment.

The Rule 11 agreement here provides that Vaishangi and the Bank agree to dismiss all claims. Additionally, the agreement states that "[a]ll parties agree that the Settlement Agreement at issue in this lawsuit dated May 27, 2010, is valid and enforceable." Although the trial court signed the agreement, nowhere did the trial court indicate the "intent to render judgment at the time the words [were] expressed." *S & A Rest. Corp.*, 892 S.W.2d at 858. In fact, we note that the Rule 11 agreement contains no decretal language typically seen in a judgment (i.e., "ordered, adjudged, and decreed"), while the dismissal order repeatedly recites the decretal language of "ordered, adjudged, and decreed." The signed agreement may be a binding and enforceable settlement as between the parties, but we cannot conclude that it is a judgment.

Additionally, if the Rule 11 agreement were a final judgment, the dismissal order would have been useless and unnecessary because a trial court can render only one judgment in a case, TEX. R. CIV. P. 301. Thus, the trial court here likely would not have entered the dismissal order had it intended the Rule 11 agreement to be a final judgment. Further, a later judgment supersedes a prior one, *see Old Republic Ins. Co. v. Scott*, 846 S.W.2d 832, 833 & n.2 (Tex. 1993), so the dismissal order would have nullified any effect of the Rule 11 agreement as a judgment. The only reasonable conclusion is that the dismissal order is the trial court's final judgment and the Rule 11 agreement is not. *See Stewart v. USA Custom Paint & Body Shop, Inc.*, 870 S.W.2d 18, 20 (Tex. 1994) ("A properly executed order of dismissal is a judgment.").

While a party can certainly pursue a claim for breach of a settlement agreement even when that settlement agreement is not an agreed judgment, the "[t]he party seeking enforcement of the settlement agreement must pursue a separate claim for breach of contract." *Ford Motor Co. v. Castillo*, 279 S.W.3d 656, 663 (Tex. 2009). When, as here, the trial court's plenary power had expired, a party could not "reinvest the trial court that dismissed the case with jurisdiction to enforce the settlement agreement" by filing a post-judgment motion to enforce the agreement. *Univ. Gen. Hosp., LP v. Siemens Med. Solutions USA, Inc.*, ___ S.W.3d ___, ___ (Tex. App.—Houston [1st Dist.] Feb. 28, 2013, no pet.) (mem. op.). When the trial court nevertheless heard the motion and issued an order enforcing the settlement agreement, the trial court exceeded its jurisdictional authority. *See In re John G. & Marie Stella Kenedy Mem'l Found.*, 315 S.W.3d 519, 522 (Tex. 2010). In these instances, mandamus is proper even without a showing that the relator lacks an adequate remedy on appeal. *See Sw. Bell Tel. Co.*, 35 S.W.3d at 605 ("Mandamus is proper if a trial court issues an order beyond its jurisdiction . . . . Further, because the order was void, the relator need not show it did not have an adequate appellate remedy, and mandamus relief is appropriate." (citing *In re Dickason*, 987 S.W.2d 570, 571 (Tex. 1998))). Therefore, we conditionally grant the petition for writ of mandamus without hearing oral argument, *see* TEX. R. APP. P. 52.8(c), and direct the trial court to vacate its order granting Southwestern National Bank's motion to enforce the settlement agreement. As we are confident that the trial court will comply, the writ will issue only if the trial court fails to do so.

**OPINION DELIVERED**: June 6, 2014

7