**Opinion issued July 9, 2015**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-14-00936-CV

_____

### JOEL D. MALLORY, JR., Appellant

### V.

### WEST BELLFORT PROPERTY OWNERS ASSOCIATION, Appellee

---

**On Appeal from the County Civil Court at Law No. 4**
**Harris County, Texas**
**Trial Court Case No. 1039665**

---

## MEMORANDUM OPINION

Appellant, Joel D. Mallory, Jr. ("Mallory"), proceeding *pro se*, seeks to appeal from the trial court's order denying his motion for new trial, signed on October 21, 2014, and from the trial court's order granting the appellee's no-evidence motion for summary judgment, signed on August 6, 2014. The appellee,

West Bellfort Property Owners Association ("WBPOA"), has filed a motion to dismiss the appeal for want of jurisdiction contending that the notice of appeal was untimely. We agree, grant the motion, and dismiss the appeal.

On October 21, 2013, Mallory filed his petition against WBPOA contending that WBPOA had engaged in debt collection activities against Mallory for homeowner dues and had threatened to take foreclosure action against his property, allegedly in violation of the Texas Debt Collection Practices Act ("DCPA") and the Texas Deceptive Trade Practices Act ("DTPA"). *See* TEX. FIN. CODE ANN. §§392.304(a)(8), (19) (West Supp. 2014); TEX. BUS. & COM. CODE ANN. §17.50(a)(3) (West Supp. 2014). On August 6, 2014, the trial court signed an order granting WBPOA's no-evidence motion for summary judgment and dismissing with prejudice Mallory's claims under the DCPA and DTPA. After Mallory timely moved for a new trial, the trial court denied his motion for new trial in an order signed on October 21, 2014. Mallory filed his notice of appeal of both orders on November 20, 2014.

This Court only has jurisdiction over final, appealable judgments or appealable interlocutory orders. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§51.012, 51.014(a)(1)–(12) (West Supp. 2014); *Stary v. DeBord*, 967 S.W.2d 352, 352–53 (Tex. 1998). "A judgment is final 'if and only if either it actually disposes of all claims and parties then before the court, regardless of its language,

or it states with unmistakable clarity that it is a final judgment as to all claims and all parties.'" *In re Vaishangi, Inc.*, 442 S.W.3d 256, 259 (Tex. 2014) (quoting, *inter alia*, *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 192–93 (Tex. 2001)). The trial court's August 6, 2014 order granting WBPOA's no-evidence motion for summary judgment was a final judgment because, despite its language, it disposed of all claims and parties before the court by dismissing the only two claims raised in the petition. *See id.*; *see also Lehmann*, 39 S.W.3d at 192–93, 206.

Generally, a notice of appeal is due within thirty days after the final judgment is signed. *See* TEX. R. APP. P. 26.1. The deadline to file a notice of appeal is extended to ninety days after the date the judgment is signed if, within thirty days after the judgment is signed, any party timely files a motion for new trial, motion to modify the judgment, motion to reinstate, or, under certain circumstances, a request for findings of fact and conclusions of law. *See id*. at 26.1(a); TEX. R. CIV. P. 329b(a), (g). The time to file a notice of appeal may also be extended if, within fifteen days after the deadline to file the notice of appeal, a party properly files a motion for extension. *See* TEX. R. APP. P. 10.5(b), 26.3. A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by rule 26.1, but within the fifteen-day extension period provided by rule 26.3. *See* TEX. R. APP. P. 26.1, 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 617–18 (Tex. 1997).

Here, the trial court signed the final judgment dismissing Mallory's action on August 6, 2014, making the deadline for filing a notice of appeal September 6, 2014. *See* TEX. R. APP. P. 26.1. Mallory timely filed a motion for new trial on August 26, 2014, extending his deadline for filing the notice of appeal to November 4, 2014. *See* TEX. R. CIV. P. 329b(a); TEX. R. APP. P. 26.1(a)(1). Although the trial court did not ruled on the motion for new trial until October 21, 2014, the deadline to file a notice of appeal was not extended beyond November 4, 2014. *See Naaman v. Grider*, 126 S.W.3d 73, 74 (Tex. 2003); *Garza v. Hibernia Nat'l Bank*, 227 S.W.3d 233, 233 n.1, 234 (Tex. App.—Houston [1st Dist.] 2007, no pet.); *Powell v. Linh Nutrition Programs, Inc.*, No. 01-03-00919-CV, 2005 WL 375334, at *1 (Tex. App.—Houston [1st Dist.] Feb. 17, 2005, no pet.) (mem. op.) (holding deadline for appealing from trial court's order denying motion for new trial runs from date of signing of final judgment, not from date of order denying motion for new trial).

Appellant did not file his notice of appeal in the trial court until November 20, 2014, which was one day past the fifteen-day extension period ending on November 19, 2014. *See* TEX. R. APP. P. 26.3(a). Appellant neither filed a motion for extension of time to file the notice of appeal, nor can one be implied because the notice of appeal was untimely filed. *See* TEX. R. APP. P. 26.3(b); *Naaman*, 126 S.W.3d at 74; *Verburgt*, 959 S.W.2d at 617–18.

On March 17, 2015, the Clerk of this Court notified Mallory that his appeal was subject to dismissal for want of jurisdiction unless he responded, within fourteen days of the Clerk's notice, and showed how this Court had jurisdiction over this appeal. Although Mallory failed to file a timely response, he filed a brief on the merits on April 27, 2015, but that brief failed to address the jurisdictional notice. *See* TEX. R. APP. P. 42.3(c).

On June 2, 2015, WBPOA moved to dismiss this appeal for want of jurisdiction. On June 9, 2015, Mallory filed a response to the motion to dismiss claiming that he had misunderstood that the trial court's denial of his motion for new trial had no impact on the appellate deadline, which he contended was a reasonable explanation. In any event, Mallory further contended that his notice of appeal was filed within the fifteen-day extension window under rule 26.3, thereby implying a motion for extension of time and making his notice of appeal timely.

However, Mallory's response does not adequately show that this Court has jurisdiction over his appeal. As noted above, Mallory's notice of appeal was filed on November 20, 2014, which was one day past the fifteen-day extension window ending on November 19, 2014. *See* TEX. R. APP. P. 26.3(a). Because the notice of appeal was untimely filed, a motion for extension of time to file the notice of appeal cannot be implied. *See* TEX. R. APP. P. 26.3(b); *Naaman*, 126 S.W.3d at 74; *Verburgt*, 959 S.W.2d at 617–18; *see also Russell & Smith Ford, Inc. v. Universal*

*Underwriters of Tex. Ins. Co.*, No. 01-12-00441-CV, 2012 WL 3629043, at *1 (Tex. App.—Houston [1st Dist.] Aug. 23, 2012, no pet.) (mem. op.) (citing *Verburgt*, 959 S.W.2d at 617) ("Once the fifteen-day period for granting a motion for extension of time has passed, a party can no longer invoke the appellate court's jurisdiction."). Without a timely filed notice of appeal, this Court lacks jurisdiction over the appeal. *See* TEX. R. APP. P. 25.1.

Accordingly, we **grant** WBPOA's motion and **dismiss** the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a), (c); 43.2(f). We dismiss any other pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Higley and Massengale.