**Opinion issued November 10, 2015**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-14-00983-CV

_____

**YIGAL BOSCH, Appellant**

**V.**

**TONI SCOTT, Appellee**

---

**On Appeal from the 113th District Court**
**Harris County, Texas**
**Trial Court Case No. 2014-00673**

---

## MEMORANDUM OPINION

Appellant, Yigal Bosch, proceeding *pro se*, attempts to appeal from the trial court's interlocutory order, signed on November 17, 2014, which, among other things, denied his emergency motion to void judgment. We dismiss the appeal for want of jurisdiction.

Generally, this Court has civil appellate jurisdiction over final judgments or interlocutory orders specifically authorized as appealable by statute. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 51.012, 51.014(a)(1)–(12) (West Supp. 2014); *Bison Bldg. Materials, Ltd. v. Aldridge*, 422 S.W.3d 582, 585 (Tex. 2012); *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *Stary v. DeBord*, 967 S.W.2d 352, 352–53 (Tex. 1998). "A judgment is final 'if and only if either it actually disposes of all claims and parties then before the court, regardless of its language, or it states with unmistakable clarity that it is a final judgment as to all claims and all parties.'" *In re Vaishangi, Inc.*, 442 S.W.3d 256, 259 (Tex. 2014) (quoting, *inter alia*, *Lehmann*, 39 S.W.3d at 192–93).

According to the clerk's record, filed in this Court on January 27, 2015, the trial court's November 17, 2014 order, among other things, denied the appellee's motion for summary judgment against all defendants seeking declaratory relief, denied appellant's emergency motion to void judgment, and stated that the order was an interlocutory order. A review of the clerk's record supports the court's statement that this order was not a final judgment because the order did not dispose of all claims, and explicitly stated that it was an interlocutory order. *Cf. In re Vaishangi, Inc.*, 442 S.W.3d at 259; *see also Lehmann*, 39 S.W.3d at 192–93, 206. Also, this interlocutory order does not fall under any of the orders that are

2

authorized as appealable by statute.  *See*, *e.g.*, TEX. CIV. PRAC. & REM. CODE ANN. §§ 51.014(a)(1)–(12); *Stary*, 967 S.W.2d at 352–53.

On March 19, 2015, the Clerk of this Court notified the parties that this Court might dismiss this appeal for want of jurisdiction unless appellant timely filed a response showing how this Court has jurisdiction over the appeal.  *See* TEX. R. APP. P. 42.3(a), 43.2(f).  Appellant failed to file a timely response.

## CONCLUSION

Accordingly, we **dismiss** this appeal for want of jurisdiction.  *See* TEX. R. APP. P. 42.3(a); 43.2(f).  We dismiss any pending motions as moot.

## PER CURIAM

Panel consists of Justices Higley, Huddle, and Lloyd.