**Opinion issued March 3, 2016**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-15-00698-CV

———————————

**FACON BRAZILIAN STEAKHOUSE, LLC AND PRINCE NWAKANMA, Appellants**

**V.**

**SYSCO HOUSTON, INC., Appellee**

**On Appeal from the 295th District Court**
**Harris County, Texas**
**Trial Court Case No. 2014-45624**

## MEMORANDUM OPINION

Appellants, Facon Brazilian Steakhouse, LLC and Prince Nwakanma, attempt to appeal from the trial court's order granting the appellee's motion for summary judgment, signed on June 24, 2015. We dismiss the appeal for want of jurisdiction.

Generally, this Court has civil appellate jurisdiction over final judgments or appealable interlocutory orders. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 51.012, 51.014(a)(1)-(12). (West Supp. 2015); *Stary v. DeBord*, 967 S.W.2d 352, 352–53 (Tex. 1998). "A judgment is final 'if and only if either it actually disposes of all claims and parties then before the court, regardless of its language, or it states with unmistakable clarity that it is a final judgment as to all claims and all parties.'" *In re Vaishangi, Inc.*, 442 S.W.3d 256, 259 (Tex. 2014) (quoting, *inter alia*, *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 192-93 (Tex. 2001)). The trial court's June 24, 2015 order granting appellee's motion for summary judgment was a final judgment because it explicitly stated that it was disposing of all parties and claims in this action. *See id.*; *see also Lehmann*, 39 S.W.3d at 192-93, 206.

Generally, a notice of appeal is due within thirty days after the final judgment is signed. *See* TEX. R. APP. P. 26.1. The deadline to file a notice of appeal is extended to ninety days after the date the judgment is signed if, within thirty days after the judgment is signed, any party timely files a motion for new trial, motion to modify the judgment, motion to reinstate, or, under certain circumstances, a request for findings of fact and conclusions of law. *See id.* 26.1(a); TEX. R. CIV. P. 329b(a), (g). The time to file a notice of appeal may also be extended if, within fifteen days after the deadline to file the notice of appeal, a party properly files a motion for extension. *See* TEX. R. APP. P. 10.5(b), 26.3. A motion for extension of time is

2

necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by rule 26.1, but within the fifteen-day extension period provided by Rule 26.3. *See* TEX. R. APP. P. 26.1, 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 617–18 (Tex. 1997).

Here, the trial court signed the final judgment on June 24, 2015, and no motion for new trial was filed, setting the deadline for filing a notice of appeal on July 24, 2015. *See* TEX. R. APP. P. 26.1; TEX. R. CIV. P. 329b(a). Appellants' notice of appeal was not filed in the trial court until August 11, 2015, which was one day past the fifteen-day extension period ending on August 10, 2015. *See* TEX. R. APP. P. 4.1(a), 26.3(a). Although appellants' notice of appeal claimed that they were contemporaneously filing a motion for extension of time to file the notice of appeal, that motion was not filed with this Court, as was required. *See id.* 26.3(b).[1]

In any event, because appellants' notice of appeal was untimely filed, a motion for extension of time cannot be implied. *See* TEX. R. APP. P. 26.3(b). "Once the fifteen-day period for granting a motion for extension of time has passed, a party can no longer invoke the appellate court's jurisdiction." *Verburgt*, 959 S.W.2d at 617; *see also Mallory v. W. Bellfort Prop. Owners Ass'n*, No. 01-14-00936-CV, 2015 WL

---

[1] Appellee, Sysco Houston, Inc., filed a response, in this Court, to appellants' motion for extension of time to file notice of appeal, even though that motion was not filed in this Court, claiming that this Court lacks jurisdiction because both the notice and motion were untimely filed.

4138755, at *2 (Tex. App.—Houston [1st Dist.] July 9, 2015, no pet.) (mem. op.) (granting appellee's motion to dismiss because notice of appeal was filed one day past the fifteen-day period) (citations omitted). Without a timely filed notice of appeal, this Court lacks jurisdiction over the appeal. *See* TEX. R. APP. P. 25.1.

On September 23, 2015, the Clerk of this Court notified appellants that their appeal was subject to dismissal for want of jurisdiction unless they timely responded and showed how this Court had jurisdiction over this appeal. *See* TEX. R. APP. P. 42.3(a), (c). Appellants failed to file any response.

## CONCLUSION

Accordingly, we **dismiss** the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a), (c); 43.2(f). We dismiss any pending motions as moot.

## PER CURIAM

Panel consists of Chief Justice Radack and Justices Keyes and Higley.