**Opinion issued September 29, 2016**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-16-00559-CV

———————————

## MICHELLE Y. JACKSON, Appellant
## V.

**U.S. BANK TRUST, N.A. AS TRUSTEE FOR VERICREST OPPORTUNITY LOAN TRUST ASSET HOLDINGS NPL3, BY CALIBER HOME LOANS, INC., FORMERLY KNOWN AS VERICREST FINANCIAL, INC. AS ITS ATTORNEY-IN-FACT, Appellee**

---

**On Appeal from the 400th District Court**
**Fort Bend County, Texas**
**Trial Court Case No. 13-DCV-207631**

---

## MEMORANDUM OPINION

Appellant, Michelle Y. Jackson, proceeding pro se, attempted to appeal from the trial court's interlocutory judgment, which granted appellee's motion for interlocutory default and summary judgment in this foreclosure action. The

appellee, U.S. Bank Trust, N.A. as Trustee for Vericrest Opportunity Loan Trust Asset Holdings NPL3, by Caliber Home Loans, Inc., formerly known as Vericrest Financial, Inc. as its Attorney-in-Fact ("U.S. Bank Trust"), filed a motion to dismiss this appeal for want of jurisdiction. We agree with appellee, grant the motion, and dismiss this appeal for want of jurisdiction.

Generally, this Court has civil appellate jurisdiction over final judgments or interlocutory orders specifically authorized as appealable by statute. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 51.012, 51.014(a)(1)–(12) (West Supp. 2016); *CMH Homes v. Perez*, 340 S.W.3d 444, 447 (Tex. 2011) ("Unless a statute authorizes an interlocutory appeal, appellate courts generally only have jurisdiction over appeals from final judgments."). "A judgment is final 'if and only if either it actually disposes of all claims and parties then before the court, regardless of its language, or it states with unmistakable clarity that it is a final judgment as to all claims and all parties.'" *In re Vaishangi, Inc.*, 442 S.W.3d 256, 259 (Tex. 2014) (quoting, *inter alia*, *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 192–93 (Tex. 2001)).

On August 30, 2016, appellee U.S. Bank Trust filed this motion to dismiss the appeal for want of jurisdiction, contending that the June 24, 2016 interlocutory judgment was a non-appealable interlocutory order. U.S. Bank Trust asserts that the interlocutory judgment only granted it partial summary judgment because, among other things, the judgment stated that it was not final, and it did not dispose of all

2

parties and claims because a third party, the Unknown Heirs of U.L. Deary, are represented by an attorney ad litem who has filed an answer, but no judgment has been sought against them at this time. More than ten days has passed and appellant has not filed a response to appellee's motion to dismiss. *See* TEX. R. APP. P. 10.3(a).

The trial court's June 24, 2016 interlocutory judgment granting the appellee U.S. Bank Trust's motion for interlocutory default and summary judgment was not a final judgment because it explicitly stated that "[o]nce this Judgment becomes final it will serve as an Order authorizing [U.S. Bank Trust] to foreclose its lien. . . ." Also, this interlocutory judgment does not fit under any of the categories of appealable interlocutory orders. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(1)–(12) (listing appealable interlocutory orders). Thus, we must dismiss this appeal for want of jurisdiction because this interlocutory judgment was a partial summary judgment that did not dispose of all claims and all parties and was not an appealable interlocutory order. *See CMH Homes*, 340 S.W.3d at 447.

## Conclusion

Accordingly, we grant appellee's motion and dismiss this appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a); 43.2(f). We dismiss any other pending motions as moot.

## PER CURIAM

Panel consists of Justices Jennings, Keyes, and Brown.