**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**



ORDER AND NOTICE OF INTENT TO PARTIALLY DISMISS FOR WANT OF PROSECUTION

| | |
|---|---|
| Appellate case name: | Arnold Shields, Individually, d/b/a Galveston Service Company, d/b/a Blu Shields Construction, and Blu Shields Construction, LLC v. Commercial State Bank, Douglas Faver, Scott Conkling, Melissa Conkling, Suzanne Hubbard, Daniel Jurgena, Roxanne Tomolialo, Joseph Cox, Thomas Walsh and Gina F. Dominique |
| Appellate case number: | 01-16-00643-CV |
| Trial court case number: | 2015-06750 |
| Trial court: | 129th District Court of Harris County |

On August 16, 2016, the pro se appellants, Arnold Shields, Individually, d/b/a Galveston Service Company, d/b/a Blu Shields Construction, and Blu Shields Construction, LLC, filed a notice of appeal from the trial court's July 20, 2016 interlocutory order granting the motion for award of fees, costs and sanctions related to a special motion to dismiss filed by the appellees, under the Texas Citizens Participation Act. Because appellants were attempting to appeal from a non-appealable interlocutory order, the Clerk of this Court issued a notice of intent to dismiss for want of jurisdiction on September 20, 2016. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 27.003, 27.008, 51.014(a)(12) (West Supp. 2016); TEX. R. APP. P. 42.3(a). Appellants timely responded.

On October 12, 2016, appellants, along with two new pro se appellants Rose Patricia Ann Shields and Oscar Urbina, timely filed a notice of appeal from the trial court's final judgment, signed on September 15, 2016. *See* TEX. R. APP. P. 26.1. This notice of appeal was assigned to the existing appellate cause number 01-16-00643-CV, and replaces the original notice of appeal. *See id.* 27.3 (stating that, if appealed order is replaced with appealable judgment, appellate court must treat appeal as from subsequent judgment, but any party may also appeal from subsequent judgment).

The trial court's July 20, 2016 interlocutory order merged into the September 15, 2016 judgment, which is a final judgment because it occurred after a trial was held on

August 31, 2016, and because it stated that it disposed of all claims and all parties and was appealable. *See In re Vaishangi, Inc.*, 442 S.W.3d 256, 259 (Tex. 2014) ("A judgment is final if and only if either it actually disposes of all claims and parties then before the court, regardless of its language, or it states with unmistakable clarity that it is a final judgment as to all claims and all parties.") (internal quotations and citations omitted); *H.B. Zachry Co. v. Thibodeaux*, 364 S.W. 192, 193 (Tex. 1963) (per curiam) (holding that prior interlocutory orders merge into subsequent order disposing of remaining parties and issues, creating final and appealable judgment). Because the trial court has signed an appealable final judgment from which appellants timely appealed, the Clerk of this Court is **directed** to withdraw the September 20, 2016 notice of intent to dismiss for want of jurisdiction. Also, the Clerk of this Court is **directed** to add appellants Rose Patricia Ann Shields and Oscar Urbina to the style of this case.

On October 26, 2016, the pro se appellants filed a revised motion to compel, construed as an amended motion, seeking to have this Court enter an order compelling the district clerk to produce all items requested on their three letters of designation requests, such as correspondence from the trial court coordinator to the pro se appellants or their former counsel. Because a new notice of appeal was just filed, the official clerk's record is not due until 60 days after the September 15, 2016 judgment was signed, or by November 14, 2016. *See* TEX. R. APP. P. 35.1. Accordingly, appellants' amended motion to compel is **dismissed as moot** because any requests to supplement the clerk's record, with items that are not in the standard list for the clerk's record, should be made directly to the district clerk, not to this Court. *See id.* 34.5(a)(1), (3)-(11) (listing standard items), (c)(1) ("If a relevant item has been omitted from the clerk's record, . . . any party may by letter direct the trial court clerk to prepare, certify, and file in the appellate court a supplement containing the omitted item.").

Finally, no counsel has appeared for Blu Shields Construction, LLC. "Except for the performance of ministerial tasks, corporations may appear and be represented only by a licensed attorney." *MHL Homebuilder LLC v. Dabal/Graphic Resource*, No. 14–05–00295–CV, 2005 WL 1404475, at *1 (Tex. App.—Houston [14th Dist.] June 16, 2005, no pet.) (per curiam) (mem. op.) (citing *Kunstoplast of Am., Inc. v. Formosa Plastics Corp., USA*, 937 S.W.2d 455, 456 (Tex. 1996) (holding that nonlawyers may perfect corporation's appeal by depositing cash with district clerk in lieu of cost bond)). Accordingly, the Court orders the appellants that, unless a licensed attorney files an appearance for Blu Shields Construction, LLC, this Court may dismiss it from this appeal for want of prosecution without further notice. *See* TEX. R. APP. P. 42.3(b), (c). Any appearance must be filed **within 30 days of the date of this Order.**

It is so ORDERED.

Judge's signature: /s/ <u>Laura Carter Higley</u>

☒ Acting individually

Date:  November 1, 2016