# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-18-00764-CV

**Theresa Johnson, Appellant**

**v.**

**Monica Velez, Kylie Riney, Kathryn Miller, and Patrice Wise, Appellees**

### FROM THE DISTRICT COURT OF BELL COUNTY, 169TH JUDICIAL DISTRICT
### NO. 296,602-C, HONORABLE GORDON G. ADAMS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

On December 14, 2018, this Court notified appellant Theresa Johnson that her notice of appeal—that was filed on November 15, 2018—appeared untimely and that the appeal would be dismissed for want of jurisdiction unless she filed a response explaining how this Court has jurisdiction over this appeal. *See* Tex. R. App. P. 42.3(a) (allowing appellate court to dismiss case for want of jurisdiction after giving ten days' notice to parties). To date, Johnson has not filed a response.

In the underlying proceeding, the trial court signed a final order granting appellees' amended motion to dismiss on June 18, 2018. The order states that it "is a final order that disposes of all claims and causes of action" filed by Johnson against appellees. Johnson timely filed a motion for new trial, which the trial court denied on September 14, 2018. *See* Tex. R. Civ. P. 320, 329b.

Purporting to appeal from the trial court's order denying the motion for new trial, Johnson filed a notice of appeal on November 15, 2018.

Although appellant's motion for new trial extended the deadline for filing a notice of appeal, the applicable time period for perfecting an appeal began on June 18, 2018, the date that the trial court signed the order granting appellees' amended motion to dismiss. *See* Tex. R. App. P. 26.1(a) (requiring notice of appeal to be filed within 90 days after judgment or order signed when party timely files motion for new trial); Tex. R. Civ. P. 301 ("Only one final judgment shall be rendered in any cause except where it is otherwise specifically provided by law."); *In re Vaishangi, Inc.*, 442 S.W.3d 256, 260 (Tex. 2014) (orig. proceeding) ("[A] trial court can render only one judgment in a case."); *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) (explaining that "general rule, with a few mostly statutory exceptions, is that an appeal may be taken only from a final judgment"). Thus, Johnson's deadline for filing a notice of appeal was on or before September 17, 2018, or, with a timely filed motion for extension of time, October 2, 2018. *See* Tex. R. App. P. 26.1(a), 26.3 (allowing fifteen day extension of time to file notice of appeal); *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997). Johnson, however, did not file her notice of appeal until November 15, 2018. Because Johnson's notice of appeal was untimely, we do not have jurisdiction to consider this appeal and we dismiss it for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f).

_____

Melissa Goodwin, Justice

Before Justices Goodwin, Baker, and Triana

Dismissed for Want of Jurisdiction

Filed:   January 11, 2019