**Dismissed; Opinion Filed April 11, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-18-01287-CV

## IN THE INTEREST OF M.A.M. AND T.A.M., CHILDREN

**On Appeal from the 254th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-17-06408**

# MEMORANDUM OPINION

Before Justices Whitehill, Partida-Kipness, and Pedersen, III
Opinion by Justice Partida-Kipness

Appellant appeals from an agreed parenting plan signed by the parties and trial judge. In a letter dated February 25, 2019, we questioned our jurisdiction over this appeal because the parenting plan did not appear to constitute an appealable final judgment. We asked appellant to file a letter brief by March 7, 2019 addressing the Court's concern, but to date, appellant has not responded.

Generally, this Court has jurisdiction only over appeals from final judgments and certain interlocutory orders as permitted by statute. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). For a judgment to be final, and thus appealable, it must either (1) dispose of all claims and parties before the court or (2) state with "unmistakable clarity" that it is a final judgment to all claims and parties. *See In re Vaishangi*, *Inc.*, 442 S.W.3d 256, 259 (Tex. 2014) (per curiam) (quoting *Bison Bldg. Materials*, *Ltd. v. Aldridge*, 442 S.W.3d 582, 585 (Tex. 2012)). Also, a judgment must reflect the trial court's intent to "decide the issues," as typically seen through

decretal language. *Id.* at 259–60. Finally, a judgment must be dated and filed with the district court clerk. *In re CAS Cos.*, *LP*, 422 S.W.3d 871, 875 (Tex. App.—Corpus Christi 2014) (orig. proceeding). An agreement between parties can constitute a final judgment but only if it meets the aforementioned requisites of a judgment. *Vaishangi*, 442 S.W.3d at 259.

The agreed parenting plan here does not meet those requisites. While it appears to address all the issues before the court–conservatorship, possession and access, and support, it does so as "requested relief" rather than through decretal language.[1] Moreover, it is not dated nor was it filed with the clerk.

Because the parenting plan does not meet the requisites of a judgment, we lack jurisdiction over this appeal. For these reasons, we dismiss the appeal. *See* TEX. R. APP. P. 42.3(a).

/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
JUSTICE

181287F.P05

---

[1] For example, concerning conservatorship, the parenting plan recites "IT IS REQUESTED that" the parties be appointed joint managing conservators; "IT IS REQUESTED that" the parties, as joint managing conservators, each have certain duties; "IT IS REQUESTED that" the children's residence be restricted to Collin County or a contiguous county. The parenting plan recites similarly in the sections concerning possession and support. Further, the parenting plan recites on the signature page that the parties "have agreed to the foregoing parenting plan and request the Court to make the plan an order of the Court."



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

IN THE INTEREST OF M.A.M. AND
T.A.M., CHILDREN

No. 05-18-01287-CV

On Appeal from the 254th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DF-17-06408.
Opinion delivered by Justice Partida-
Kipness, Justices Whitehill and Pedersen,
III participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED**.


Judgment entered this 11th day of April, 2019.