**Opinion issued August 8, 2019**



In The

# Court of Appeals

For The

# First District of Texas

———————————————

## NO. 01-19-00160-CV

———————————————

## BEATRIZ L. SALAZAR, Appellant

## V.

## SECOT, INC., CARMEN TAPIA AND OMAR TAPIA, Appellees

---

### On Appeal from the 215th District Court
### Harris County, Texas
### Trial Court Case No. 2014-18506

---

### MEMORANDUM OPINION

Appellant, Beatriz L. Salazar, attempts to appeal from the final judgment, signed by the trial court on December 3, 2018. Appellees, Secot, Inc., Carmen Tapia and Omar Tapia, filed a motion to dismiss for lack of jurisdiction. We agree, grant the motion, and dismiss this appeal for want of jurisdiction as untimely.

This Court only has jurisdiction over final, appealable judgments or appealable interlocutory orders. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 51.012, 51.014(a)(1)–(12); *Stary v. DeBord*, 967 S.W.2d 352, 352–53 (Tex. 1998). "A judgment is final 'if and only if either it actually disposes of all claims and parties then before the court, regardless of its language, or it states with unmistakable clarity that it is a final judgment as to all claims and all parties.'" *In re Vaishangi, Inc.*, 442 S.W.3d 256, 259 (Tex. 2014) (quoting, *inter alia*, *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 192–93 (Tex. 2001)). The trial court's December 3, 2018 order granting the motion for summary judgment by the appellees, Secot, Inc., Carmen Tapia and Omar Tapia, was a final judgment because it actually disposed of all claims and parties then before the court as it dismissed all of appellant's claims against Secot, Inc., Carmen Tapia and Omar Tapia, the only defendants. *See id.*; *see also Lehmann*, 39 S.W.3d at 192–93, 206.

Generally, a notice of appeal is due within thirty days after the final judgment or order is signed. *See* TEX. R. APP. P. 26.1. The deadline to file a notice of appeal is extended to ninety days after the date the judgment is signed if, within thirty days after the judgment is signed, any party timely files a post-judgment motion. *See* TEX. R. APP. P. 26.1(a); TEX. R. CIV. P. 329b(a), (g).

The trial court signed the final judgment on December 3, 2018, making January 2, 2019, the deadline for filing a notice of appeal. *See* TEX. R. APP. P. 26.1.

2

Appellant did not file her notice of appeal until March 4, 2019, ninety days after the December 3, 2018 final judgment. *See* TEX. R. APP. P. 4.1(a), 26.1(a). Thus, this appeal is untimely unless appellant had timely filed a post-judgment motion. *See* TEX. R. APP. P. 26.1(a); TEX. R. CIV. P. 329b(a).

According to the clerk's record, appellant filed a motion for new trial on January 17, 2019. However, this motion for new trial was untimely because any motion must be filed within thirty days after the date the final judgment was signed on December 3, 2018, which was January 2, 2019. *See* TEX. R. CIV. P. 302. Because appellant's motion for new trial was not timely filed, it did not extend appellant's deadline for filing the notice of appeal. *See Stroman v. Martinez,* No. 01-14-00991-CV, 2015 WL 1926015, at *1 (Tex. App.—Houston [1st Dist.] Apr. 28, 2015, no pet.) (per curiam) (mem. op.) (granting appellee's motion to dismiss for want of jurisdiction because untimely motion for rehearing and new trial did not extend deadline for filing notice of appeal) (citation omitted).

Moreover, although appellant's notice of appeal claims that she is appealing from both the December 3, 2018 final judgment and the February 4, 2019 order denying her motion for new trial, "[a]n order denying a motion for new trial is not independently appealable." *Fletcher v. Ahrabi*, No. 01-12-00794-CV, 2012 WL 6082915, at *1 (Tex. App.—Houston [1st Dist.] Dec. 6, 2012, no pet.) (per curiam) (mem. op.) (citation omitted). "Unless a statute authorizes an interlocutory appeal,

3

appellate courts generally only have jurisdiction over final judgments." *CMH Homes v. Perez*, 340 S.W.3d 444, 447 (Tex. 2011). Thus, appellant's deadline to file the notice of appeal did not run from the date of the order denying her motion for new trial, but thirty days from the date the trial court signed the judgment on December 3, 2018, or by January 2, 2019. *See* Tex. R. App. P. 26.1(a)(1); *Mulhall v. Anderson*, No. 01-16-00067-CV, 2016 WL 6087691, at *1 (Tex. App.—Houston [1st Dist.] Oct. 18, 2016, no pet.) (per curiam) (mem. op.) (citations omitted).

Appellant's notice of appeal, filed on March 4, 2019, was untimely filed more than thirty days after the December 3, 2018 final judgment. Without a timely filed notice of appeal, this Court can take no action other than to dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 25.1, 26.1(a)(1), 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 617–18 (Tex. 1997); *see also Stroman*, 2015 WL 1926015, at *1.

On July 25, 2019, appellees filed this motion to dismiss for lack of jurisdiction. Appellees contend that, because appellant's January 17, 2019 motion for new trial was untimely, that made her March 4, 2019 notice of appeal untimely, and appellant's claim in her motion for new trial that she did not receive timely notice from the district clerk fails because she did not seek relief under Rule 306a.

4

*See* TEX. R. CIV. P. 296, 306a; TEX. R. APP. P. 26.1(a), 42.3(a).  More than ten days have passed without a response by appellant.[1]  *See* TEX. R. APP. P. 10.3(a).

According to the clerk's record, although appellant's motion for new trial cited to Rule 306a, the trial court's February 4, 2019 order denying her motion for new trial did not make the finding required by Rule 4.2(c).  *See* TEX. R. APP. P. 4.2(c); *see Willie v. State*, No. 01-16-00840-CV, 2017 WL 3526760, at *3 (Tex. App.—Houston [1st Dist.] Aug. 17, 2017, no pet.) (mem. op.).  Without that order and finding, appellant's period for filing a notice of appeal from the December 3, 2018 judgment began on the date it was signed, and we lack jurisdiction over this attempted appeal.  *See Willie*, 2017 WL 3526760, at *3.

Accordingly, we grant the appellees' motion and dismiss this appeal for want of jurisdiction.  *See* TEX. R. APP. P. 42.3(a), 43.2(f).

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Keyes and Higley.

---

[1]    On July 5, 2019, appellant filed an amended brief on the merits and then on July 30, 2019, appellees filed their amended brief on the merits.