

# NUMBER 13-23-00265-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE MARCO A. CANTU

### On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Justices Tijerina, Silva, and Peña
### Memorandum Opinion by Justice Tijerina[1]

By petition for writ of mandamus, relator Marco A. Cantu seeks to vacate all orders issued by the Honorable Mario E. Ramirez, who was then serving as the Administrative Local Presiding Judge for the district courts of Hidalgo County; the Honorable Missy Medary, serving as the Presiding Judge for the Fifth Administrative Judicial Region, and the Honorable Rogelio Valdez, serving as an assigned judge in the underlying

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

proceedings. Relator contends that the orders subject to review in this petition for writ of mandamus were issued without authority or jurisdiction.

Mandamus is an extraordinary and discretionary remedy. *See In re Allstate Indem. Co.*, 622 S.W.3d 870, 883 (Tex. 2021) (orig. proceeding); *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding). The relator must show that (1) the trial court abused its discretion, and (2) the relator lacks an adequate remedy on appeal. *In re USAA Gen. Indem. Co.*, 624 S.W.3d 782, 787 (Tex. 2021) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36; *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). "The relator bears the burden of proving these two requirements." *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam); *Walker*, 827 S.W.2d at 840. However, when a trial court issues an order "beyond its jurisdiction," mandamus is proper because such an order is void ab initio. *In re Panchakarla*, 602 S.W.3d 536, 539 (Tex. 2020) (orig. proceeding) (per curiam) (quoting *In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding) (per curiam)). In such an event, the relator need not show that it lacks an adequate appellate remedy. *See In re Vaishangi, Inc.*, 442 S.W.3d 256, 261 (Tex. 2014) (orig. proceeding) (per curiam); *In re Sw. Bell Tel. Co.*, 35 S.W.3d at 605.

The Court, having examined and fully considered the petition for writ of mandamus, the record, the response filed by the real party in interest, and the applicable law, is of the opinion that the relator has not met his burden to obtain mandamus relief. Accordingly,

we deny the petition for writ of mandamus.

JAIME TIJERINA
Justice

Delivered and filed on the
31st day of July, 2023.