# Court of Appeals
## Tenth Appellate District of Texas

### 10-24-00228-CV

Patrick Alan Powers,
Appellant

v.

Teresa Seamon,
Appellee

On appeal from the
County Court at Law No 2 of Johnson County, Texas
Judge F. Steven McClure, presiding
Trial Court Cause No. CC-P202325571-A

JUSTICE SMITH delivered the opinion of the Court.

## MEMORANDUM OPINION

Appellant, Patrick Alan Powers, appeals from a July 10, 2024 order of dismissal. The pertinent part of that order states:

**As to Defendant's Rule 91(a) Motion to Dismiss:**
 X  The Motion is GRANTED due to lack of capacity; and/or
 X  The Motion is GRANTED due to lack of standing;

On May 29, 2025, the Clerk of this Court notified Powers that there does not appear to be a final judgment from which he can appeal to this Court, and the appeal is subject to dismissal. We specifically directed his attention to *In re Vaishangi, Inc.*, 442 S.W.3d 256, 260 (Tex. 2014) (per curiam) (orig. proceeding) in which the supreme court held that a Rule 11 agreement to dismiss all claims, which contained no decretal language, was not a final judgment. The Clerk of the Court further notified Powers that the Court may dismiss this appeal unless, within fourteen days from the date of the letter, a response is filed showing grounds for continuing the appeal.

In his late-filed response, Powers asserts that the order he attempts to appeal disposes of all issues in the phase of the proceeding for which it was brought and is therefore final and appealable. Powers does not address the fact that the July 10, 2024 order of dismissal does not include any decretal language.

Our jurisdiction is limited to appeals from final judgments, except as explicitly allowed by statute. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.012; *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). An order merely granting a motion for judgment is nothing more than an indication of the trial court's ruling on the motion itself and adjudicates nothing. *Naaman v. Grider*, 126 S.W.3d 73, 74 (Tex. 2003) (per curiam). An order or judgment that does

not contain decretal language is not a final judgment. *See In re Vaishangi, Inc.*, 442 S.W.3d at 260. Because the order Powers attempts to appeal contains no decretal language, it is not an appealable judgment, and we have no jurisdiction to hear the appeal. *See id.*

We dismiss the appeal for want of jurisdiction.

---

STEVE SMITH
Justice

OPINION DELIVERED and FILED: June 26, 2025

Before Chief Justice Johnson,
    Justice Smith, and
    Justice Harris
Dismissed
CV06

