

# NUMBER 13-26-00145-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE REJEANA LEATHERWOOD

## ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION

**Before Justices Silva, Cron, and Fonseca**
**Memorandum Opinion by Justice Fonseca[1]**

By pro se petition for writ of mandamus, relator Rejeana Leatherwood asserts that the probate court has abused its discretion by authorizing a nonjudicial foreclosure of estate property "while a confined Chapter 301 threshold Motion to Vacate Void Orders remains unresolved by written ruling." Relator has filed an emergency motion for temporary relief seeking to stay "enforcement and implementation of the probate court's

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

foreclosure authorization order" and "all actions taken pursuant to or in furtherance of that order—including any steps to notice, schedule, conduct, or consummate a nonjudicial foreclosure and any transfer of title or possession."

A writ of mandamus is an extraordinary remedy available only when the trial court clearly abused its discretion and the party seeking relief lacks an adequate remedy on appeal. *In re Ill. Nat'l Ins.*, 685 S.W.3d 826, 834 (Tex. 2024) (orig. proceeding). Alternatively, when "a trial court issues an order 'beyond its jurisdiction,' mandamus relief is appropriate because such an order is void ab initio." *In re Panchakarla*, 602 S.W.3d 536, 539 (Tex. 2020) (orig. proceeding) (per curiam) (quoting *In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding)). In such circumstances, the relator need not show it lacks an adequate appellate remedy. *See In re Vaishangi, Inc.*, 442 S.W.3d 256, 261 (Tex. 2014) (orig. proceeding) (per curiam); *In re Sw. Bell Tel. Co.*, 35 S.W.3d at 605.

The Court, having examined and fully considered the petition for writ of mandamus, the record, and the applicable law, is of the opinion that relator has not met her burden to obtain relief. Accordingly, we deny relator's petition for writ of mandamus and her emergency motion for temporary relief.

YSMAEL D. FONSECA
Justice

Delivered and filed on the
9th day of February, 2026.