

# NUMBER 13-26-00251-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE ANDERSON & ASSOCIATES, PLLC

## ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION

### Before Chief Justice Tijerina and Justices West and Cron
### Memorandum Opinion by Chief Justice Tijerina[1]

By petition for writ of mandamus, relator Anderson & Associates, PLLC a/k/a Anderson & Associates Law Firm, PLLC contends that the trial court's order of December 5, 2025 redistributing an attorney's fee award is void or was otherwise rendered in error.

Mandamus is an extraordinary and discretionary remedy. *See In re Allstate Indem. Co.*, 622 S.W.3d 870, 883 (Tex. 2021) (orig. proceeding); *In re Garza*, 544 S.W.3d 836,

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

840 (Tex. 2018) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding). The relator must show that (1) the trial court abused its discretion, and (2) the relator lacks an adequate remedy on appeal. *In re USAA Gen. Indem. Co.*, 624 S.W.3d 782, 787 (Tex. 2021) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36; *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). "The relator bears the burden of proving these two requirements." *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam); *Walker*, 827 S.W.2d at 840. Alternatively, when "a trial court issues an order 'beyond its jurisdiction,' mandamus relief is appropriate because such an order is void ab initio." *In re Panchakarla*, 602 S.W.3d 536, 539 (Tex. 2020) (orig. proceeding) (per curiam) (quoting *In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding)). When the order subject to review is void, the relator need not show that it lacks an adequate remedy by appeal. *See In re Vaishangi, Inc.*, 442 S.W.3d 256, 261 (Tex. 2014) (orig. proceeding) (per curiam); *In re Sw. Bell Tel. Co.*, 35 S.W.3d at 605.

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that relator possesses an adequate remedy by appeal. Accordingly, we withdraw our order of April 8, 2026 requesting the real parties in interest, Hilliard Law f/k/a Hilliard Martinez Gonzales, LLP and Thomas J. Henry Injury Attorneys, to file a response to the petition for writ of mandamus. *See* TEX. R. APP. P.

52.2, 52.4, 52.8. We deny the petition for writ of mandamus and the motion for emergency temporary relief.

JAIME TIJERINA
Chief Justice

Delivered and filed on the
10th day of April, 2026.