

## NUMBER 13-19-00387-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

---

## IN RE BRANSCOMB P.C., SHANNON WILDE, JAMES ROBICHAUX, MICHAEL W. STUKENBERG, JAMES CLANCY, OMAR LEAL, KEITH SIECZKOWSKI, JEFFREY S. DICKERSON, RHONDA JOLLEY, AND GRADY JOLLEY

---

## On Petition for Writ of Mandamus.

---

# MEMORANDUM OPINION

### Before Justices Benavides, Hinojosa, and Perkes
### Memorandum Opinion by Justice Benavides[1]

Relators Branscomb P.C., Shannon Wilde, James Robichaux, Michael W. Stukenberg, James Clancy, Omar Leal, Keith Sieczkowski, Jeffrey S. Dickerson, Rhonda Jolley, and Grady Jolley filed a petition for writ of mandamus in the above cause seeking to compel the trial court to vacate a discovery order signed on July 30, 2019. Relators

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When granting relief, the court must hand down an opinion as in any other case," but when "denying relief, the court may hand down an opinion but is not required to do so."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

contend that the discovery order is void due to the expiration of the trial court's plenary power or, alternatively, constitutes an abuse of discretion because the trial court has ordered relators to respond to requests for production that seek discovery exceeding the bounds permitted by the rules of civil procedure.

Mandamus is an extraordinary remedy issued at the discretion of the court. *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam). To obtain relief by writ of mandamus, a relator must establish that an underlying order is void or is a clear abuse of discretion and there is no adequate appellate remedy. *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding); *see In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding).

An abuse of discretion occurs when a trial court's ruling is arbitrary and unreasonable or is made without regard for guiding legal principles or supporting evidence. *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d at 712; *Ford Motor Co. v. Garcia*, 363 S.W.3d 573, 578 (Tex. 2012). A trial court abuses its discretion by ordering discovery that exceeds the scope permitted by the rules of procedure. *In re N. Cypress Med. Ctr. Operating Co., Ltd.*, 559 S.W.3d 128, 130–31 (Tex. 2018) (orig. proceeding); *In re CSX Corp.*, 124 S.W.3d 149, 152 (Tex. 2003) (orig. proceeding) (per curiam).

We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments. *In re Essex Ins. Co.*, 450 S.W.3d 524, 528 (Tex. 2014) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding). If an appellate court cannot remedy a trial court's discovery error, then an adequate appellate remedy does not exist. *In re Christus Santa*

*Rosa Health Sys.*, 492 S.W.3d 276, 279 (Tex. 2016) (orig. proceeding); *In re Weekley Homes, L.P.*, 295 S.W.3d 309, 322 (Tex. 2009) (orig. proceeding). When an order is void, the relator need not show the lack of an adequate appellate remedy, and mandamus relief is appropriate. *In re Vaishangi, Inc.*, 442 S.W.3d 256, 261 (Tex. 2014) (orig. proceeding) (per curiam); *In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding) (per curiam).

The Court, having examined and fully considered the petition for writ of mandamus, the response filed by real party in interest Kenton McDonald, the reply filed by the relators, and the applicable law, is of the opinion that the relators have not met their burden to obtain mandamus relief. Accordingly, we lift the stay previously imposed in this cause. *See* TEX. R. APP. P. 52.10(b) ("Unless vacated or modified, an order granting temporary relief is effective until the case is finally decided."). We DENY the petition for writ of mandamus.

GINA M. BENAVIDES,
Justice

Delivered and filed the
4th day of October, 2019.