**Opinion issued August 8, 2023**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-23-00022-CV

————————————

## IN RE PINNERGY LTD., LADONTA SWEATT, AND UNION PACIFIC RAILROAD COMPANY, Relators

---

### Original Proceeding on Petition for Writ of Mandamus

---

### MEMORANDUM OPINION

On January 13, 2023, relators, Pinnergy Ltd. and LaDonta Sweatt, filed a petition for a writ of mandamus challenging the trial court's December 27, 2022 order denying the motion to dismiss the underlying cause pursuant to the doctrine of forum non conveniens filed by Pinnergy, Sweatt, and relator, Union Pacific Railroad

Company.[1]  Pinnergy and Sweatt's mandamus petition asserted that the trial court's denial of the motion to dismiss amounted to an abuse of discretion and they had no adequate remedy on appeal.  Pinnergy and Sweatt therefore requested that this Court "grant th[e] writ and require the trial court to dismiss the case."

In connection with their mandamus petition, Pinnergy and Sweatt filed an "Emergency Motion to Stay Proceedings of Trial Court."  In their emergency motion, Pinnergy and Sweatt requested a stay of the underlying trial court proceedings pending resolution of their petition for writ of mandamus.  On January 17, 2023, the Court granted the motion and stayed the underlying trial court proceedings.

On January 30, 2023, Union Pacific filed its "Joinder in Petition for Writ of Mandamus," in which Union Pacific "join[ed] the [p]etition for [w]rit of [m]andamus filed by" Pinnergy and Sweatt, challenging the trial court's December 27, 2022 order.[2]  In its joinder, Union Pacific also asserted that the trial court abused its discretion in denying the motion to dismiss for forum non conveniens, and that it

---

[1]      The underlying case is *Thomas Richards and Hunter Sinyard v. Pinnergy Ltd., LaDonta Sweatt, and Union Pacific Railroad Co.*, Cause No. 2022-45392, in the 80th District Court of Harris County, Texas, the Honorable Jeralynn Manor presiding.

[2]      Pursuant to its "Joinder in Petition for Writ of Mandamus," in which Union Pacific requested issuance of a writ of mandamus related to the trial court's December 27, 2022 order, Union Pacific is also a relator in this original proceeding.  *See* TEX. R. APP. P. 52.2 ("The party seeking the relief is the relator.").

lacked an adequate remedy on appeal. Union Pacific therefore requested that this Court "issue a writ of mandamus directing the trial court to (1) grant the motion to dismiss for forum non conveniens[] and (2) dismiss the case as to all parties."

## Background

The underlying litigation was filed in Harris County by real party in interest, Thomas Richards, against Pinnergy, Sweatt, and Union Pacific. Richards alleged causes of action for negligence against relators in connection with a collision between an 18-wheeler tanker-trailer and a Union Pacific locomotive. According to his suit, on or around November 22, 2021, Richards was working in the course and scope of his employment as an engineer for Union Pacific when the locomotive Richards was working on collided with a tanker-trailer in Red River Parish, Louisiana.

The suit further alleged that the tanker-trailer was owned by Pinnergy and operated by Sweatt. Richards asserted that Sweatt negligently stopped the tanker-trailer on a railroad crossing, into the path of the locomotive, causing a collision and injuring Richards.

On September 20, 2022, real party in interest, Hunter Sinyard, filed a petition in intervention to Richards' original petition. In his petition in intervention, Sinyard alleged that he was working as a conductor on the Union Pacific locomotive at the time of the collision with the tanker-trailer, and that he also sustained injuries in the

collision. Sinyard alleged causes of action for negligence against Pinnergy, Sweatt, and Union Pacific.

As noted above, the collision at issue in the underlying litigation, which was filed in Harris County, occurred in Red River Parish, Louisiana. According to Richards' original petition, he is a resident of Louisiana. Richards further alleged that Union Pacific was authorized to do business, and had an agent for service of process, in Texas, and that Pinnergy "was formed in Texas and [was] authorized to do business in Texas." Finally, Richards alleged that Sweatt was "an individual and resident of Marshall, Texas." In his petition in intervention, Sinyard stated that he was a resident of Arkansas.

On September 12, 2022, Pinnergy and Sweatt filed a motion to dismiss the underlying litigation for forum non conveniens. On October 12, 2022, Union Pacific joined in Pinnergy and Sweatt's motion to dismiss for forum non conveniens. Also on October 12, 2022, Pinnergy, Sweatt, and Union Pacific filed a Notice of Submission, setting their motions to dismiss for forum non conveniens on the trial court's October 24, 2022 submission docket.

Richards and Sinyard failed to file a response to the motions prior to the submission date and the trial court entered an order granting the motions to dismiss on October 25, 2022. However, on October 31, 2022, Richards filed a motion to reconsider, asserting that he was not provided the statutorily required twenty-one

4

days' notice prior to submission of the motions to dismiss. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 71.051(d) ("The court may rule on a motion filed under this section only after a hearing with notice to all parties not less than 21 days before the date specified for the hearing. . . . The moving party shall have the responsibility to request and obtain a hearing on such motion . . . ."). On November 26, 2022, the trial court granted Richards' motion to reconsider and withdrew its order granting the motion to dismiss. The trial court further stated that Richards could file a response to the motions to dismiss for forum non conveniens "in advance of the hearing or submission to be scheduled with at least [twenty-one] days['] notice."

The mandamus record reflects that on December 21, 2022, Richards filed a response to the motions to dismiss for forum non conveniens. On December 23, 2022, Pinnergy and Sweatt filed a "Motion for Leave to File Sur Reply." According to Pinnergy and Sweatt's mandamus petition, the trial court did not consider their motion for leave. Pinnergy and Sweatt asserted that the "trial court then summarily denied [their] motion to dismiss, without providing the requested oral argument and without providing any written reasons." The mandamus record provided to this Court does not contain evidence that Pinnergy, Sweatt, or Union Pacific requested an oral argument or served any notice of an oral argument subsequent to the trial court withdrawing its October 25, 2022 order. Similarly, the mandamus record does

5

not contain evidence that they requested a submission date or served any notice of submission for their motions to dismiss for forum non conveniens after the withdrawal of the October 25, 2022 order. Despite that, the record reflects that, on December 27, 2022, the trial court entered an order denying the motions to dismiss.

**Burden to Obtain Mandamus Relief**

Mandamus is an extraordinary remedy that is only available in limited circumstances. *See Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992). Mandamus relief is only appropriate where the relators establish that the trial court has abused its discretion or violated a legal duty, and they have no adequate remedy by appeal. *See id.* Further, "it is important to note that as the parties seeking relief, [the] [r]elators bear the burden to provide the Court with a sufficient record to establish their right to relief." *See In re Barnes*, 655 S.W.3d 658, 668 (Tex. App.—Dallas 2022, orig. proceeding); *see also* TEX. R. APP. P. 52.7.

Our review of the mandamus petitions and the mandamus record provided to this Court reflect that Pinnergy, Sweatt, and Union Pacific have failed to establish that they are entitled to the mandamus relief requested in their petitions. *See In re Vaishangi, Inc.*, 442 S.W.3d 430, 431 (Tex. App.—Houston [14th Dist.] 2012, orig. proceeding) ("It is relators' responsibility to provide the court with a record supporting their petition for writ of mandamus. Because relators have not provided this court with a sufficient record showing they are entitled to relief, they have not

established entitlement to the extraordinary relief of a writ of mandamus."). Accordingly, we lift the stay imposed by our January 17, 2023 order and deny the petitions for writ of mandamus. *See* TEX. R. APP. P. 52.8(a). Any pending motion is dismissed as moot.

**PER CURIAM**

Panel consists of Chief Justice Adams and Justices Guerra and Farris.