**In re Mildred EDWARDS, Relator.**

**No. 05–09–01534–CV.**

Court of Appeals of Texas, Dallas.

Feb. 23, 2010.

Kent F. Brooks, Law Office of Kent F. Brooks, Dallas, for relator.

Probate Court, Dallas, for respondent.

G. Michael Gruber, Gruber Hurst Johansen & Hail, Randall C. Reed, Weiner, Glass & Reed, L.L.P., Dallas, for real party in interest.

Before Justices MOSELEY, LANG, and MYERS.

### OPINION

Opinion by Justice MOSELEY.

█ Relator filed this mandamus proceeding after the trial court entered an order appointing a guardian ad litem for relator in the underlying case. We conclude the trial court abused its discretion in appointing the guardian ad litem and relator has no adequate remedy by appeal. We therefore conditionally grant the writ of mandamus.

█ In order to obtain mandamus relief, relator must show both that the trial court has abused its discretion and that she has no adequate appellate remedy. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex.2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex.1992) (orig. proceeding). Mandamus

is an appropriate method for challenging the appointment of a guardian ad litem. *See* Tex.R. Civ. P. 173.7(a).

The trial court stated that it was appointing a guardian ad litem for the purposes of the lawsuit before him, without the power to make decisions for relator and not as an attorney ad litem for relator. The trial court further stated that the appointment was pursuant to Section 683 of the Probate Code. However, that section only provides for the appointment of a guardian ad litem in a guardianship proceeding. *See* Tex. Prob.Code Ann. § 683 (Vernon 2003). This case is not a guardianship proceeding; accordingly, the trial court abused its discretion by appointing a guardian ad litem under section 683.

Accordingly, we conditionally grant the relators' petition for writ of mandamus. A writ will issue only in the event the trial court fails to vacate its December 1, 2009 "Order Appointing Guardian Ad Litem."