**CONDITIONALLLY GRANTED and Opinion Filed November 22, 2024**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-24-00674-CV**

**IN RE PETER NICHOLAS, JR. AND BONNIE NICHOLAS, ON BEHALF OF MINOR CHILDREN P.J.N. AND J.P.N., Relators**

**and**

**No. 05-24-00680-CV**

**IN RE Z RESORTS MANAGEMENT, LLC AND GIVENS-RECORDS DEVELOPMENT, LLC, Relators**

**Original Proceedings from the County Court at Law No. 1**
**Dallas County, Texas**
**Trial Court Cause No. CC-19-05235-A**

## MEMORANDUM OPINION

Before Justices Pedersen, III, Nowell, and Miskel
Opinion by Justice Pedersen, III

Two pairs of relators bring this consolidated original proceeding: Z Resorts Management, LLC and Givens-Records Development, LLC (together, the Hotel) and Peter Nicholas Jr. and Bonnie Nicholas (together, the Paternal Grandparents). The Hotel is a defendant in the suit below; the Paternal Grandparents intervened as

plaintiffs to represent their young grandchildren, P.J.N. and J.P.N. (the Minor Children). Both the Hotel and the Paternal Grandparents ask this Court to order the trial court to vacate its Rule 12 Order, reinstate the Paternal Grandparents as parties to the suit, and disqualify and remove maternal grandfather Jojo Parguian from the suit. The Hotel also asks this Court to order the trial court to vacate its orders appointing guardians ad litem for the Minor Children and to remove the guardians ad litem. We conditionally grant relators' petitions for writ of mandamus for the reasons explained below.

## Background[1]

Jacqueline Nicholas (Jacqueline) was shot and killed in a hotel room that she and her husband Peter Nicholas III (Peter) had checked into earlier that day. Peter was charged with aggravated assault and sentenced to eighteen years in prison. Jacqueline was survived by Peter, the Minor Children, and her parents. She died intestate, and as of the filing of the Petition, no estate administration had been initiated. Before and after Jacqueline's death, the Minor Children have resided with the Paternal Grandparents.

On August 23, 2019, Parguian filed suit against the Hotel and Peter for causing Jacqueline's death. He pleaded a wrongful-death action on behalf of himself

---

[1] The facts of this case are more fully set out in our earlier opinion in this case, *In re Z Resorts Mgmt., LLC*, No. 05-23-00425-CV, 2023 WL 5843583, at *1–3 (Tex. App.—Dallas Sept. 11, 2023, orig. proceeding) (mem. op.). Therefore, we include only those facts relevant to this original proceeding. TEX. R. APP. P. 47.1.

and the Minor Children and a survival action on behalf of Jacqueline's estate.[2] The Hotel challenged Parguian's capacity to bring claims on behalf of the Minor Children or Jacqueline's estate, asserting that the Paternal Grandparents were the legal guardians of the Minor Children and that Parguian was not an appointed administrator, a personal representative, or an heir of Jacqueline's estate.

On November 29, 2021, the 305th District Court signed an order appointing the Paternal Grandparents Joint Managing Conservators of the Minor Children. That order stated that the Paternal Grandparents have the "sole and exclusive . . . right to represent the [Minor Children] in legal actions and to make other decisions of substantial legal significance concerning the [Minor Children]." The Paternal Grandparents then intervened as plaintiffs in the wrongful death and survival lawsuit in the County Court at Law No. 1. Their petition incorporated by reference and re-alleged the allegations and claims asserted in Parguian's Original Petition.

On May 5, 2023, Relators filed a joint Petition for Writ of Mandamus asking this Court to, among other things, order the trial court to rule on a Rule 12 Motion filed by the Hotel demanding Parguian's attorney show authority to proceed on behalf of the Minor Children and Jacqueline's estate and to vacate its order appointing guardians ad litem for the Minor Children. On September 11, 2023, this Court directed the trial court to vacate its May 17, 2021 order denying the Hotel's

---

[2] Peter answered the lawsuit, but he has played no part in the mandamus proceedings.

Amended Plea to the Jurisdiction and to hear and rule on several pending matters, including the Hotel's and Paternal Grandparents' Rule 12 Motion To Show Authority and the Hotel's and Paternal Grandparents' Objections and Plea in Abatement as to Orders Appointing Guardians ad Litem.

On October 12, 2023, the trial court denied the Rule 12 Motion to Show Authority as well as the Objections and Plea in Abatement as to Orders Appointing Guardians ad Litem. Parguian then filed a motion asking the trial court to disqualify or remove the Paternal Grandparents, claiming they have no authority to represent the Minor Children. On March 12, 2024, the trial court conducted a hearing on Parguian's motion to disqualify or remove the Paternal Grandparents. The trial court orally granted the motion, and then it signed a written order memorializing that ruling on May 7, 2024. This original proceeding followed, challenging the trial court's orders on the Rule 12 motion, order removing the Paternal Grandparents from the suit, and the Objections and Plea in Abatement as to Orders Appointing Guardians ad Litem.

## Discussion

To be entitled to mandamus relief, a relator must show (1) the trial court clearly abused its discretion and (2) the relator lacks an adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig.

proceeding). The relator bears the burden of proving these two requirements. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding).[3]

The Paternal Grandparents raise two issues in their petition for writ of mandamus, and the Hotel raises four issues in its petition for writ of mandamus. Although the Hotel and the Paternal Grandparents frame their issues differently, relators all challenge (1) the trial court's determination that Parguian, rather than the Paternal Grandparents, is entitled to represent the Minor Children and Jacqueline's estate and (2) the trial court's appointment of guardians ad litem for the Minor Children. Therefore, for simplicity, we address relators' arguments on these issues together. The Hotel also challenges the trial court's determination that Parguian was authorized to proceed on behalf of Jacqueline's estate, so we will address that issue separately. We address each of these issues in turn.

*Abuse of Discretion*

Parguian's Capacity to Represent the Minor Children[4]

Relators argue that the trial court abused its discretion in denying the parties' Rule 12 Motion to Show Authority because Parguian is not the proper representative of the Minor Children and is not entitled to bring suit on their behalf. A minor does

---

[3] As a threshold issue, Parguian argues that we lack jurisdiction to consider relators' petitions. He contends that relators have not established that they lack an adequate appellate remedy and, therefore, "they have not invoked the jurisdiction of this Court." However, the lack of an adequate remedy is an element of establishing entitlement to mandamus relief; it is not a criteria for invoking the jurisdiction of the Court. Our mandamus jurisdiction is governed by statute, and we have jurisdiction to decide this proceeding. *See* TEX. GOV'T CODE ANN. § 22.221(b).

[4] This issue corresponds to issue one in both the Hotel and the Paternal Grandparents' petitions.

not have the legal capacity to employ an attorney or anyone else to watch over her interests. *Byrd v. Woodruff*, 891 S.W.2d 689, 704 (Tex. App.—Dallas 1994, writ dism'd). Minors "who have no legal guardian" may sue and be represented by a next friend. TEX. R. CIV. P. 44.

However, as we determined in our prior opinion in this case, at all relevant times the Minor Children have had a legal guardian—either a natural parent or someone appointed by court order—who has and had the right to make legal decisions on their behalf. *See In re Z Resorts Mgmt., LLC*, 2023 WL 5843583, at *4. Therefore, Rule 44 does not provide authority for Parguian to bring or maintain suit as next friend of the Minor Children. *See id.*

A Rule 12 motion is an appropriate procedural mechanism to challenge the capacity of a next friend to prosecute a case on behalf of a minor. *See Urbish v. 127th Jud. Dist. Ct.*, 708 S.W.2d 429, 432 (Tex. 1986) (orig. proceeding) (reviewing a trial court's ruling on a motion to show authority challenging a next friend's authority to represent a minor plaintiff); *In re B.E.A.R.*, No. 05-02-01493-CV, 2003 WL 21544507, at *1–2 (Tex. App.—Dallas July 10, 2003) (orig. proceeding) (reviewing a trial court's ruling on a motion to show authority challenging someone's acting as both next friend and attorney of a minor). The burden of proof is on the challenged attorney to show his authority to prosecute or defend the suit. TEX. R. CIV. P. 12; *Boudreau v. Fed. Tr. Bank*, 115 S.W.3d 740, 741 (Tex. App.—Dallas 2003, pet.

denied). We review a trial court's ruling on a motion to show authority for an abuse of discretion. *See Urbish*, 708 S.W.2d at 432.

In this case, relators filed a Rule 12 motion requiring attorney Van Shaw to "appear for hearing, and to show his authority to prosecute this lawsuit on behalf of the Minors." The motion was filed in June 2022. Relators alleged that the Paternal Grandparents obtained a family-court order in August 2021 appointing them joint managing conservators of the Minor Children and giving them the exclusive right to represent the Minor Children in legal matters.

Shaw, as the challenged attorney, had the burden to prove that he had sufficient authority to represent Parguian as next friend of the Minor Children. TEX. R. CIV. P. 12. At the hearing, Shaw[5] argued why he had authority under Texas Rule of Civil Procedure 44 and why he believed there was a conflict of interest between the Paternal Grandparents and the Minor Children. But he did not introduce any evidence or elicit any testimony to support his positions. The Hotel argued that Shaw had not carried his burden to prove he had authority to represent the Minor Children.[6]

---

[5] Shaw himself did not appear at the hearing but instead sent a colleague, Jeremy B. Powell, to appear on his behalf. For simplicity, during the portions of the opinion discussing the hearing on the Rule 12 Motion and Objections to Guardians ad Litem, we do not distinguish between Powell and Shaw.

[6] Relators did not challenge Shaw's authority to institute the lawsuit on behalf of the Minor Children in the first place, but they argued Shaw lost his authority to represent the Minor Children in August 2021 when the Paternal Grandparents were awarded joint managing conservatorship over the Minor Children. The trial court asked the parties questions about who was conservator of the children at the time the suit was filed, but relators do not challenge in this mandamus proceeding. Shaw's ability to institute the suit initially, only his ability to continue prosecuting it

–7–

In fact, the trial court noted on the record "that's just [Shaw]'s discussion. Do we have anything that shows who was actually the legal custodian or legal guardian of the children during the time period following the death?" Counsel for the Hotel responded that the only evidence was the final SAPCR order from the 305th District Court, and that no evidence had been submitted demonstrating Parguian's entitlement to represent the minor children.

Although attorney Shaw argued that he was authorized to file the lawsuit on behalf of the Minor Children, the final SAPCR order admitted by the Hotel contradicts his assertion that he continued to have authority to represent the Minor Children after August 2021. The evidence showed that the Paternal Grandparents, not Parguian, had the exclusive right to represent the Minor Children in legal matters. TEX. FAM. CODE ANN. § 153.371. The trial court abused its discretion by denying the motion to show authority.

### The Appointment of Guardians ad Litem for the Minor Children[7]

Relators next argue that the trial court abused its discretion in appointing guardians ad litem for the Minor Children. We review a trial court's appointment and removal of a guardian ad litem for abuse of discretion. *See McGough v. First Ct. of Appeals*, 842 S.W.2d 637, 640 (Tex. 1992) (reviewing appointment of

---

on behalf of the Minor Children after the 305th court's order appointing the Paternal Grandparents as joint managing conservators.

[7] This issue corresponds to issue three in the Hotel's petition and issue one, subpart four, in the Paternal Grandparents' petition.

guardian ad litem for abuse of discretion); *Davenport v. Garcia*, 834 S.W.2d 4, 24 (Tex. 1992) (same for removal of guardian ad litem).

In certain circumstances, a court may appoint a guardian ad litem to represent a child in a lawsuit. *See Brownsville-Valley Reg'l Med. Ctr., Inc. v. Gamez*, 894 S.W.2d 753, 756 (Tex. 1995) ("The term 'ad litem' means 'for the suit.'"). The state has an interest in protecting children from harm under the doctrine of *parens patriae*. *See In re KC Greenhouse Patio Apartments, LP*, 445 S.W.3d 168, 175 (Tex. App.— Houston [1st Dist] 2012) (orig. proceeding) (citing *Farmers Grp., Inc. v. Lubin*, 222 S.W.3d 417, 423 (Tex. 2007)). "The State of Texas has the authority and duty to guard the wellbeing of children, even if so doing requires limiting the freedom and authority of parents over their children." *Id.* (quoting *Alvarez v. Tex. Dep't of Protective & Regul. Servs.*, No. 03-02-00008-CV, 2002 WL 31599225, at *1 (Tex. App.—Austin Nov. 21, 2002, no pet.)). Thus, in limited circumstances, a trial court, acting on behalf of the State as *parens patriae*, must "step in" and enter orders to protect a child's well-being. *See id.*

Texas Rule of Civil Procedure 173 is one such mechanism by which the trial court may "step in" to protect children. *See* TEX. R. CIV. P. 173.2(a)(1). This rule authorizes a trial court to appoint a guardian ad litem when an apparent adverse interest appears to exist. *See id.*; *Byrd*, 891 S.W.2d at 705. Rule 173 thus "balances the interests of the parent and the state and identifies the circumstance that creates [the trial court's] responsibility[.]" *KC Greenhouse*, 445 S.W.3d at 174.

Under Rule 173.3, a trial court may appoint a guardian ad litem on a party's motion or *sua sponte*, but it may do so only by written order. *See* TEX. R. CIV. P. 173.3(a), (b). Once appointed, the guardian ad litem "must determine and advise the court whether a party's [i.e., a child's] next friend or guardian has an interest adverse to the [child]." TEX. R. CIV. P. 173.4(b).  Although the rule does not provide a time limit for making that determination and advising the court, the Texas Supreme Court has stated that doing so is a guardian ad litem's "initial role." *See Ford Motor Co. v. Stewart, Cox, & Hatcher, P.C.*, 390 S.W.3d 294, 297 (Tex. 2013). If the trial court finds that there is no conflict or that there used to be a conflict but it has ceased to exist, the trial court should remove the guardian ad litem. *Gamez*, 894 S.W.2d at 755.

The Court appointed a guardian ad litem for each of the Minor Children: Carmen Mitchell as guardian ad litem for minor J.P.N., and Melodee Armstrong as guardian ad litem for P.J.N. Relators contend that the trial court erred in appointing, and later failing to remove, the ad litems. Parguian responds that because the Paternal Grandparents are the parents of Peter, a defendant in the lawsuit, that they are incapable of fairly representing the needs of the Minor Children against their own son.

Rather than the trial court performing the mandated conflict analysis, *see* TEX. R. CIV. P. 173.4(b), the guardian ad litem for J.P.N. simply noted on the record at the hearing on the motions that "[t]here's clearly conflicts here. . . . You have the

maternal grandparent. You have the paternal grandparent." She provided no further analysis, and the parties did not introduce any evidence to support the assertion that there was a conflict. Because the right of parents or guardians to represent children under their care is one of a fundamental nature protected by the constitution, a trial court's ability to step in and appoint a guardian ad litem is limited to when there is an adverse interest. *See* TEX. R. CIV. P. 173.2(a)(1); *Byrd*, 891 S.W.2d at 705. The mere existence of a potential conflict, without evidence demonstrating an actual conflict, is insufficient to support the continued involvement of a guardian ad litem. *Gamez*, 894 S.W.2d at 755. It is precisely because there must be an actual conflict, rather than a potential or perceived one, that necessitates guardians ad litem to conduct a prompt conflict analysis to avoid unnecessarily trampling on the rights of legal guardians. *See* TEX. R. CIV. P. 173.4(b); *Stewart, Cox, & Hatcher, P.C.*, 390 S.W.3d at 297.

We conclude that the trial court abused its discretion in denying relators' motion to remove the guardians ad litem. The record is devoid of any evidence of an actual conflict that would support the continued involvement of guardians ad litem.[8]

---

[8] Although we sustain relators' issue as to the guardians ad litem because of the lack of evidence supporting the existence of a conflict, we also note that even if a conflict between the Paternal Grandparents and the Minor Children existed such that a guardian ad litem was warranted, the record is completely devoid of any evidence suggesting that the Minor Children have a conflict among themselves that would necessitate the appointment of separate guardians ad litem, as the trial court did here. *See* TEX. R. CIV. P. 173.2(b) ("The court must appoint the same guardian ad litem for similarly situated parties unless the court finds that the appointment of different guardians ad litem is necessary.").

<u>Parguian's Capacity to Represent Jacqueline's Estate[9]</u>

The Hotel argues that the trial court abused its discretion in denying the parties' Rule 12 Motion to Show Authority because Parguian is not the proper representative of Jacqueline's estate and is not entitled to bring suit on its behalf. An estate is not a legal entity and cannot be a party to a lawsuit. *Henson v. Estate of Bruce L. Crow*, 734 S.W.2d 648, 649 (Tex. 1987). Certain individuals are afforded the capacity to bring a claim on an estate's behalf. In general, only the estate's personal representative has the capacity to bring a survival claim. *Frazier v. Wynn*, 472 S.W.2d 750, 752 (Tex. 1971) ("[T]he personal representative . . . is ordinarily the only person entitled to sue for the recovery of property belonging to the estate."); *see also Shepherd v. Ledford*, 962 S.W.2d 28, 31 (Tex. 1998). We have acknowledged, however, that under certain circumstances heirs may be entitled to sue on behalf of the decedent's estate. *Shepherd*, 962 S.W.2d at 31–32.

Parguian contends that the Minor Children have an interest in their mother's estate but cannot themselves sue, so he, as the maternal grandfather, is a proper person to sue on their behalf. To the extent that Parguian claims a right to sue on behalf of the Minor Children, we have rejected this argument. *See In re Z Resorts Mgmt., LLC*, No. 05-23-00425-CV, 2023 WL 5843583, at * 4–5 (Tex. App.—Dallas Sept. 11, 2023, orig. proceeding) (mem. op.). To the extent that Parguian purports to

---

[9] This issue corresponds to issue two in the Hotel's petition; it is not addressed by the Paternal Grandparents.

sue on behalf of the estate itself, the law is similarly clear. The record is devoid of any evidence establishing that Parguian has been appointed the personal representative of Jacqueline's estate, and Parguian is not himself an heir at law to Jacqueline's estate. The only possible heirs to Jacqueline's estate are Peter, as her surviving spouse, and the Minor Children. *See* TEX. EST. CODE ANN. §§ 201.002, 201.003. We conclude, then, that the trial court clearly abused its discretion when it denied the Hotel's Rule 12 motion requiring Shaw to show authority to bring suit on behalf of Jacqueline's estate.

*No Adequate Remedy by Appeal*[10]

Relators argue in their final issues that they either do not have to show they lack an adequate remedy by appeal or, in the alternative, that they do lack an adequate remedy on appeal because the jury will decide the case with improper parties.

A relator need only establish a trial court's abuse of discretion to demonstrate entitlement to mandamus relief with regard to a plea in abatement in a dominant-jurisdiction case. *In re J.B. Hunt Transp., Inc*., 492 S.W.3d 287, 299–300 (Tex. 2016) (orig. proceeding). Likewise, when an order exceeds a court's jurisdictional authority, it is void, and a relator need not show lack of an adequate appellate

---

[10] This issue corresponds to issue four in the Hotel's petition and issue two in the Paternal Grandparents' petition.

remedy. *In re Vaishangi, Inc.*, 442 S.W.3d 256, 260 (Tex. 2014) (orig. proceeding); *In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding).

The record in this case is clear that the 305th Family District Court of Dallas County, Texas, has continuing exclusive jurisdiction over decisions regarding the conservatorship of the Minor Children. The trial court's decision to disqualify and remove the Paternal Grandparents and to allow Parguian to proceed on behalf of the Minor Children directly contradicts the SAPCR Order and usurps the 305th Family District Court's jurisdiction. Therefore, we conclude that relators were not required to show they lack an adequate appellate remedy as to the issues involving the Minor Children because the trial court's orders regarding the Minor Children exceed the trial court's jurisdictional authority and conflict with the court of dominant jurisdiction. *See In re J.B. Hunt Transp., Inc.*, 492 S.W.3d at 299–300; *In re Vaishangi, Inc.*, 442 S.W.3d at 260; *In re Sw. Bell Tel. Co.*, 35 S.W.3d at 605.

With respect to the trial court's order appointing guardians ad litem for the Minor Children, we also conclude that relators were not required to show they lack an adequate appellate remedy. Texas Rule of Civil Procedure 173.7(a) provides that "[a]ny party may seek mandamus review of an order appointing a guardian ad litem or directing a guardian ad litem's participation in the litigation." TEX. R. CIV. P. 173.7(a). In *In re KC Greenhouse*, our sister court determined that "because rule 173.7 specifically authorizes [relator's] challenge to the trial court's order by mandamus, [relator] need not independently establish that it has no adequate remedy

by appeal." *In re KC Greenhouse*, 445 S.W.3d at 171 (citing TEX. R. CIV. P. 173.7(a)). We agree with our sister court in concluding that the plain language of rule 173.7 removes the requirement to show a lack of adequate appellate remedy, and we decline to read in additional requirements not included by the legislature. *See Ford Motor Co. v. Garcia*, 363 S.W.3d 573, 579 (Tex. 2012) (holding that when interpreting rules of civil procedure, courts must look to the plain language of the rule and construe it according to its plain and literal meaning) (citing *In re E.A.*, 287 S.W.3d 1, 5 (Tex. 2009); *see also In re Edwards*, 306 S.W.3d 413 (Tex. App.—Dallas 2010, orig. proceeding) (conditionally granting relators' petition for writ of mandamus and directing the trial court to vacate its order appointing a guardian ad litem because the trial court had no statutory authority to appoint a guardian ad litem, quoting the "no adequate appellate remedy" language from *In re Prudential* but treating the requirement as surplusage).

Finally, we conclude that mandamus is appropriate on the issue of Parguian's representation of Jacqueline's estate as well because the heirs of Jacqueline's estate have the right to be represented by a party authorized by law to do so, and allowing a party without capacity to proceed on behalf of the estate cannot sufficiently be corrected on appeal. *See In re Salazar*, 315 S.W.3d 279, 287 (Tex. App.—Fort Worth 2010, orig. proceeding) (granting mandamus relief "because the failure to correct the trial court's abuse of discretion would 'so skew[ ] the litigation process

that any subsequent remedy by appeal [would be] inadequate.' ") (quoting *Travelers Indem. Co. of Conn. v. Mayfield*, 923 S.W.2d 590, 595 (Tex. 1996)).

## Conclusion

We conditionally grant relators' Petitions. We direct the trial court within thirty (30) days of this opinion:

(1) to vacate its October 12, 2023 order on relators' *Rule 12 Motion to Show Authority;*

(2) to disqualify Jojo Parguian from representing the Minor Children or Jacqueline's estate in the suit;

(3) to vacate its October 12, 2023 order on relators' *Objections and Plea in Abatement as to Orders Appointing Guardians ad Litem;*

(4) to remove the guardians ad litem for the Minor Children;

(5) to vacate its May 7, 2024 Order on Plaintiff's Motion to Disqualify or Remove Interveners; and

(6) to reinstate the Paternal Grandparents as parties to the suit on behalf of the Minor Children.

We are confident the trial court will promptly comply with our Order of this date. Our writ will issue only if it fails to do so.

|  | /Bill Pedersen, III// |
| 240674f.p05 | BILL PEDERSEN, III |
| 240680f.p05 | JUSTICE |