COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER ON MOTIONS

Appellate case name:         Ronald Williams v. Metropolitan Transit Authority of Harris County, Texas

Appellate case number:    01-15-00299-CV

Trial court case number:   2015-00325

Trial court:                215th Judicial District Court of Harris County

Appellant, Ronald Williams, filed a notice of appeal on March 26, 2015, from the trial court's order granting appellee's plea to the jurisdiction, signed on February 27, 2015.  On June 15, 2015, appellant filed a motion for an extension of time to submit written evidence of payment or arrangement to pay the reporter's fee.  Because the clerk's record had not yet been filed, it appeared from the documents attached to the notice of appeal that the February 27, 2015 order was an interlocutory order, and that appellant's notice of appeal may not have been timely filed.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (West Supp. 2015) (stating that trial court's grant or denial of plea to jurisdiction by a governmental unit is interlocutory order); TEX. R. APP. P. 26.1(b) (requiring notice of appeal to be filed within 20 days of signing of interlocutory order).  Thus, on June 18, 2015, the Clerk of this Court sent notice to all parties that, unless appellant timely filed a motion for extension of time and provided a reasonable explanation for untimely filing the notice of appeal, the appeal may be dismissed.  *See id.* at 42.3(a), (c).

On June 23, 2015, appellant timely filed a statement of direct appeal jurisdiction and alternative motion for extension of time.  Appellant contended that this was not an accelerated appeal because appellee Metropolitan Transit Authority of Harris County, Texas was the only defendant in the underlying suit.  Thus, appellant asserts that the trial court's order granting appellee's plea to the jurisdiction was a final, appealable order because it dismissed all parties and all of appellant's claims with prejudice.  *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001).

Generally, a notice of appeal is due within thirty days after the final judgment is signed. *See* TEX. R. APP. P. 26.1. "A judgment is final 'if and only if either it actually disposes of all claims and parties then before the court, regardless of its language, or it states with unmistakable clarity that it is a final judgment as to all claims and all parties.'" *In re Vaishangi, Inc.*, 442 S.W.3d 256, 259 (Tex. 2014) (quoting, *inter alia*, *Lehmann*, 39 S.W.3d at 192–93). "To determine whether an order disposes of all pending claims and parties, it may . . . be necessary for the appellate court to look at the record in the case." *Lehmann*, 39 S.W.3d at 205-06.

On July 31, 2015, the clerk's record was filed, including the operative complaint, appellant's First Amended Petition, filed January 16, 2015, and appellee's plea to the jurisdiction to that petition was filed on February 6, 2015. The First Amended Petition asserted only three claims in this employment case, a whistleblower violation, under Texas Government Code Chapter 554, a common-law defamation claim, and an intentional infliction of emotional distress claim. The trial court's February 27, 2015 order granting appellee's plea to the jurisdiction dismissed appellant's Texas Whistleblower Act, defamation, and intentional infliction of emotional distress claims with prejudice for lack of jurisdiction. Thus, the trial court's order was a final judgment because it disposed of all claims and parties before the court by dismissing the only three claims raised in the First Amended Petition. *See Lehmann*, 39 S.W.3d at 192–93, 206; *see also Harris County v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004) (holding that if court grants plea to jurisdiction, plaintiff may take appeal once judgment becomes final).

Accordingly, appellant's alternative motion for extension of time is **DISMISSED AS MOOT** because his March 26, 2015 notice of appeal was timely filed since it was filed within thirty days of the February 27, 2015 final judgment. *See Sykes*, 136 S.W.3d at 638; TEX. R. APP. P. 26.1; *see also Saifi v. City of Texas City*, No. 14-13-00815-CV, 2015 WL 1843540, at *3 (Tex. App.—Houston [14th Dist.] Apr. 23, 2015, no pet.) (holding that, because the City's plea to the jurisdiction was granted, not denied, the trial court's order effectively ended the case in that court once plaintiff's motion for new trial was overruled by operation of law, and the judgment became final, making the notice of appeal timely because it was not interlocutory appeal).

Furthermore, appellant's motion for an extension of time to submit written evidence of payment or arrangement to pay the reporter's fee is **GRANTED**. However, unless a reporter's record is filed or appellant submits written evidence of payment for preparing the reporter's record within **30 days** of the date of this order, this Court may require appellant to file his brief on those issues or points that do not require a reporter's record for a decision. *See* TEX. R. APP. P. 37.3(c)(2).

It is so ORDERED.

Judge's signature: /s/ <u>Laura C. Higley</u>
⊠ Acting individually
Date: August 20, 2015

2